IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,                                  Case No. CR 19-CR-02324-JB

vs.

ADAM PAIZ
Defendant,

       Defendant.

## ORDER TO CONTINUE

This matter is before the Court on Defendant's Unopposed Motion to Continue. There being good cause shown by the Defendant and there being no objection by the government, the Court finds the motion is well-taken and should be granted.

IT IS HEREBY ORDERED that the jury trial in this matter currently scheduled for August 6, 2020 is continued and will be rescheduled for _September 8, 2020 at 9:00 a.m._

Additionally, the Court finds that a continuance is necessary to continue plea negotiations with the government. If a resolution is not reached, then additional time will be necessary to prepare pretrial motions, motions in limine and prepare for trial.

The court finds that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will allow Mr.

Paiz to further conduct an investigation into the charges in this case, to prepare and file pretrial motions, and to adequately prepare for trial. Additionally, a continuance will provide the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Mr. Paiz by providing him access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)).

_____
UNITED STATES DISTRICT JUDGE

Prepared and submitted by:
Sarah M. Gorman
Attorney for Mr. Paiz

---

After weight the best interests of the public and of the Defendant with the ends of justice, the Court finds that granting a continuance will strike a proper balance between the ends of justice and the best interests of the public and of the Defendant for the reasons stated in the motion requesting a continuance, filed July 10, 2020 (Doc. 38). Specifically, continuing review of discovery, DNA and laboratory testing, securing potential expert witnesses, trial preparation and ongoing plea negotiations outweighs the Defendant's and the public's interest in a speedy trial. See 18 U.S.C. Section 3161(h)(7). The pretrial Motion deadline is _September 1, 2020_. The Court will set the trial for _September 8, 2020 at 9:00 a.m._ (trailing docket). This _30_-day continuance is sufficient, without being greater than necessary, for the Defendant to complete the tasks set forth in the motion to continue.

8/3/20